## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA A. SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-1060-M |
| | ) |
| CHARLES ROSS ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is plaintiff's Motion to Disqualify and Objection to Appearances Filed by Former United States Attorneys for the Western District of Oklahoma *Patrick M. Ryan and Daniel G. Webber* (And Members of Their Private Law Firm), filed September 16, 2005. On October 6, 2005, defendant Van Cott, Bagley, Cornwall & McCarthy, P.C. ("Van Cott") filed its response. On November 4, 2005, plaintiff filed under seal various documents in support of her motion to disqualify. On November 18, 2005, Van Cott filed a supplement to its response, and on December 19, 2005, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In 1995, plaintiff filed a *qui tam* action in this Court styled *United States, ex rel., Debra A. Shaw v. AAA Engineering & Drafting, Inc., et al.* ("Shaw I"). The United States chose not to intervene, though it did monitor the case. Judgment was awarded in favor of plaintiff, and she has subsequently conducted substantial post-judgment litigation to recover the judgment, as well as costs and attorney fees.

In August of 2005, plaintiff brought the instant action, seeking payment from the instant defendants of the judgment, costs, and attorney fees awarded in Shaw I. Van Cott has retained the

law firm, Ryan, Whaley, Coldiron and Shandy, P.C., and Pat M. Ryan and Daniel G. Webber, among others, are the attorneys who will be responsible for the litigation. Mr. Ryan served as United States Attorney for the Western District of Oklahoma from May 26, 1995 until October 20, 1999. Mr. Webber was a line Assistant United States Attorney in the Criminal Division of the United States Attorney's Office for the Western District of Oklahoma from October, 1995 until October 21, 1999, when he became the United States Attorney for the Western District of Oklahoma. Mr. Webber served as the United States Attorney from October 21, 1999 until August 12, 2001, at which point he again became a line Assistant United States Attorney in the Criminal Division. On December 16, 2001, Mr. Webber was promoted to First Assistant United States Attorney and held that position until he left the office on December 28, 2002.

II.     Discussion

"Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). Therefore, in addition to the local rules, the ethical rules announced by the national profession also govern motions to disqualify. *Id.*

This Court has adopted the Oklahoma Rules of Professional Conduct as the standard governing attorney conduct in this Court. LCvR 83.6(b). Oklahoma Rules of Professional Conduct Rule 1.11 governs post-governmental employment for former government lawyers. Rule 1.11 provides, in pertinent part:

> Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the

>> lawyer participated <u>personally and substantially</u> as a public officer or employee, unless the appropriate government agency consents after consultation. . . .

5 Okla. Stat. App. III, Rule 1.11(a) (emphasis added).[1]

Plaintiff moves the Court to disqualify Mr. Ryan and Mr. Webber based upon their participation in Shaw I as the United States Attorney for the Western District of Oklahoma. As support for her motion, plaintiff submits to the Court various correspondence from Shaw I. Having carefully reviewed the documents submitted, the Court finds that there are only two letters which are addressed to Mr. Ryan or Mr. Webber; these documents, however, are also addressed to the Assistant United States Attorneys who were assigned to Shaw I. No other document even references either Mr. Ryan or Mr. Webber.[2] The Court finds that the two letters do not indicate any substantial participation in Shaw I by either Mr. Ryan or Mr. Webber. Further, both Mr. Ryan and Mr. Webber have submitted affidavits stating that they have no recollection of seeing these letters or, in fact, any recollection of the Shaw I matter itself. *See* Affidavits of Mr. Ryan and Mr. Webber, attached as Exhibits C and D to Van Cott's supplement.

Having carefully reviewed the parties' submissions, the Court finds that there is no evidence that either Mr. Ryan or Mr. Webber participated in Shaw I. The Court, therefore, finds that Mr. Ryan and Mr. Webber's nominal involvement in Shaw I as the United States Attorney for the Western District of Oklahoma does not rise to the level of "personal and substantial" participation

---

[1]The ABA Model Rules of Professional Conduct Rule 1.11 does not differ from Oklahoma's Rule 1.11 in any respect material to this case. *See* ABA Model Rule 1.11.

[2]The Court would note that several of the documents from the United States Attorney's Office list either Mr. Ryan or Mr. Webber's name as the United States Attorney, but these documents are signed by the Assistant United States Attorneys who were assigned to Shaw I.

in Shaw I which would require their disqualification pursuant to Rule 1.11.

Plaintiff also contends that the confidential information that Mr. Ryan and Mr. Webber had access to, which is protected by various privileges, warrants their disqualification. Rule 1.11(b) provides, in pertinent part:

> Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. . . .

5 Okla. Stat. App. III, Rule 1.11(b).

The Comment to Rule 1.11 further clarifies the type of knowledge that is required for disqualification. The Comment provides, in pertinent part: "Paragraph (b) operates <u>only</u> when the lawyer in question has knowledge of the information, <u>which Rule means actual knowledge; it does not operate with respect to information that merely could be imputed to the lawyer.</u> . . ." 5 Okla. Stat. App. III, Comment to Rule 1.11 (emphasis added).

Having carefully reviewed the parties' submissions, the Court finds no evidence that either Mr. Ryan or Mr. Webber have actual knowledge of any confidential information. As set forth above, both Mr. Ryan and Mr. Webber have stated that they have no memory of Shaw I. Accordingly, the Court finds that Mr. Ryan and Mr. Webber should not be disqualified on this basis.

Finally, in her reply, plaintiff asserts that the Court should conduct an evidentiary hearing to enable her to explain the documents submitted to the Court. Having carefully reviewed the documents submitted, the Court finds that said documents speak for themselves and that no hearing is necessary for plaintiff to "explain" them to the Court.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Disqualify and Objection to Appearances Filed by Former United States Attorneys for the Western District of Oklahoma *Patrick M. Ryan and Daniel G. Webber* (And Members of Their Private Law Firm) [docket no. 15].  The Court would remind plaintiff that pursuant to this Court's October 14, 2005 Order, her response to Van Cott's motion to dismiss is due eighteen (18) days from the date of this Order.

**IT IS SO ORDERED this 6th day of April, 2006.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE